IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 16-CV-25097

| | |
|---|---|
| PATRICIA KENNEDY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| 2721 LEJEUNE ROAD INVESTMENTS, LLC a/k/a SUNOCO GAS STATION, | ) ) ) |
| Defendant. | ) ) ) ) |

## COMPLAINT

Plaintiff PATRICIA KENNEDY (**"Plaintiff"**), pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a ("**ADA**"), the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("**ADAAG**"), Florida Americans with Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction sections 553.501–553.513, Florida Statutes, including the Florida Building Code Chapter 11 ("**FADAI**"), hereby sues Defendant 2721 LEJEUNE ROAD INVESTMENTS, LLC a/k/a SUNOCO GAS STATION ("**Defendant Sunoco Gas**") for injunctive relief and states:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. This Court also has supplemental jurisdiction over all State law claims pursuant to 28 U.S.C. § 1367(a) for Plaintiff's claims under the FADAI.

– 1 –

3. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Southern District of Florida.

## PARTIES

4. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

5. Plaintiff is a qualified individual under the ADA and the FADAI because she is a disabled individual who has physical impairments that substantially limits one or more major life activities.

6. Specifically, Plaintiff has physical impairments that require her to use a wheelchair to ambulate.

7. Defendant Sunoco Gas is Florida Limited Liability Company authorized to be business in Miami-Dade County, Florida.

8. Defendant Sunoco Gas is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 2721 Le Jeune Road, Miami, Florida 33142 (the "**Subject Premises**" or "**Facility**").

## GENERAL ALLEGATIONS

9. The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a gas station.

10. As a place of public accommodation, Defendant was required to remove from the Subject Premises and related facilities architectural barriers to the extent readily achievable as defined in 28 C.F.R. § 36.304 of the ADAAG.

11. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

12. Accordingly, Defendant was required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

13. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and FADAI and discriminating against individuals with disabilities.

14. In or about September 2016, Plaintiff visited the Subject Premises to conduct business–i.e., purchase gas– and encountered architectural barriers to access the Subject Premises.

15. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendant; however, she was subjected to discrimination by Defendant on the basis of her disability due to Defendant's ADA and FADAI violations.

16. Plaintiff was not able to access the parking and restrooms.

17. Plaintiff shall return to the Subject Premises once the barriers violating the ADA and the FADAI are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Subject Premises.

18. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA and the FADAI, unless the injunctive relief requested herein is granted.

19. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA and the FADAI by Defendant if said violations is not corrected and made compliant.

20.     Plaintiff is also a tester for the purpose of asserting her civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

21.     Plaintiff desires to visit the Subject Premises again, not only to purchase gas, but to assure herself that the Subject Premises is in compliance with the ADA and the FADAI thus ensuring that individuals with disabilities, including herself, will have full and equal enjoyment of the property without fear of discrimination.

22.     Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendant's violations of and non-compliance with the ADA and the FADAI because she plans on returning to the Subject Premises in the near future.

23.     Defendant has discriminated and continue to discriminate against Plaintiff by denying her access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

24.     Defendant is in violation of the ADA, ADAAG, and FADAI and are discriminating against Plaintiff as a result of the following violations:

### Parking and Main Entrance

a. There is no accessible parking space at the facility.
b. There is no accessible route from the parking to the sidewalk due to excessive changes in level.
c. There is no accessible path to the main entrance of the facility due to the excessive changes in level and non-ADA compliant ramp.
d. The ramp leading to the main entrance door provides for excessive and dangerous changes in level.

**Restrooms**

    e. There is no accessible fully restroom at the facility.
    f. There is no accessible route to the restroom due to changes in level and narrow circulation path.
    g. There is insufficient maneuvering clearance and turning space within the footprint of the restroom.
    h. The commode lacks a rear grab bar.
    i. The commode lacks a side wall grab bar.
    j. Items are stored in the hallway between the main door leading into the restroom proper.
    k. The toilet paper dispenser is inaccessible.
    l. There is insufficient clear floor space between the commode and the lavatory to effectuate a safe transfer.
    m. There is a wastebasket obstructing the required clear floor space in front of the lavatory.

25. The discriminatory violations described herein may not be an exclusive list of Defendant's ADA and FADAI violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA and FADAI violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

26. By encountering the discriminatory conditions at Defendant's Facility, and knowing that it would be a futile gesture to return to the Facility unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

27. By maintaining a place of public accommodation with ADA violations, Defendant deprive Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

28. Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

29. Plaintiff demands a non-jury trial on all issues to be tried herein.

## COUNT I—CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant Sunoco Gas for ADA Violations)

30. Plaintiff re-avers and incorporates paragraphs 1–29 as if fully set forth herein.

31. This action arises pursuant to the ADA.

32. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant Sunoco Gas because of the Subject Premises' existing ADA violations.

33. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

34. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

35. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendant Sunoco Gas contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

36. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises,

make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully request this Court issue a permanent injunction enjoining Defendant 2721 LEJEUNE ROAD INVESTMENTS, LLC a/k/a SUNOCO GAS STATION from continuing its discriminatory practices, ordering Defendant Sunoco Gas to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendant Sunoco Gas to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

## COUNT II—CLAIM FOR INJUNCTIVE RELIEF
(Against Defendant Sunoco Gas for FADAI Violations)

37. Plaintiff re-avers and incorporates paragraphs 1–29 as if fully set forth herein.

38. This is an action for injunctive relief pursuant to FADAI.

39. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been discriminated against and damaged by Defendant Sunoco Gas because of the Subject Premises' existing FADAI violations.

40. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the FADAI.

41. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

42. By continuing to operate the Subject Premises with discriminatory conditions in violation of the FADAI, Defendant Sunoco Gas contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

43. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the FADAI, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff PATRICIA KENNEDY respectfully requests this Court issue a permanent injunction enjoining Defendant 2721 LEJEUNE ROAD INVESTMENTS, LLC a/k/a SUNOCO GAS STATION from continuing its discriminatory practices, ordering Defendant Sunoco Gas to alter the Subject Premises as appropriate to comply with the FADAI, ordering Defendant Sunoco Gas to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 8th day of December, 2016.

                              Respectfully submitted,

By:    s/ Rafael Viego III
          Rafael Viego III, Esq.
          Florida Bar. No. 60967
          Mario E. Lopez, Esq.
          Florida Bar No. 98061
          **FEDERAL DISABILITY ADVOCATES**
          *Attorneys for Plaintiff*
          4300 Biscayne Boulevard, Suite 305
          Miami, Florida 33137
          Telephone:  (305) 717-7530
          Facsimile:  (305) 717-7539
          E-mail:  mlopez@jltrial.com
          E-mail:  rviego@jltrial.com
          E-mail:  eservice@jltrial.com

MEL/RV/lp
0011.012